BORIS FELDMAN, State Bar No. 128838
boris.feldman@freshfields.com
DORU GAVRIL, State Bar No. 282309
doru.gavril@freshfields.com
CARL HUDSON, State Bar No. 317201
carl.hudson@freshfields.com
OLIVIA ROSEN, State Bar No. 340120
olivia.rosen@freshfields.com
J. MIA TSUI, State Bar No. 344251
mia.tsui@freshfields.com
FRESHFIELDS BRUCKHAUS DERINGER US LLP
855 Main Street
Redwood City, CA 94063
Telephone: (650) 618-9250

*Attorneys for Defendants TriplePoint Venture
Growth BDC Corp., James P. Labe, Christopher
M. Mathieu, and Sajal K. Srivastava*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| DEREK PETERSEN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TRIPLEPOINT VENTURE GROWTH BDC CORP., JAMES P. LABE, CHRISTOPHER M. MATHIEU, and SAJAL K. SRIVASTAVA,<br><br>Defendants. | Case No.: 3:23-cv-02980-TLT<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Date:          February 20, 2024<br>Time:         2:00 p.m.<br>Location:   Courtroom 9 – 19th Floor<br>Judge:       Hon. Trina L. Thompson |

DEFENDANTS' RJN ISO MTD
CASE NO. 3:23-cv-02980-TLT

## TABLE OF CONTENTS

**Page**

ARGUMENT..................................................................................................................1

    I. THE COURT MAY CONSIDER DOCUMENTS INCORPORATED BY REFERENCE...........1

        A. SEC Filings..................................................................................................... 2

        B. Earnings Call Transcript.................................................................................2

        C. Analyst/Short-Seller Report............................................................................ 2

    II. THE COURT MAY TAKE JUDICIAL NOTICE OF PUBLIC INFORMATION...................... 2

        A. SEC Filings.................................................................................................... 3

        B. Earnings Call Transcript.................................................................................4

        C. News Articles and Other Public Materials....................................................... 4

        D. Price Data of Publicly Traded Companies....................................................... 6

DEFENDANTS' RJN ISO MTD
CASE NO. 3:23-cv-02980-TLT

# TABLE OF AUTHORITIES

**Cases**                                                **Page**

*In re Astra Space, Inc. Sec. Litig.*,
  2023 WL 4983156 (N.D. Cal. Aug. 2, 2023).................................................................3

*In re Finisar Corp.*,
  542 F. Supp. 2d 980 (N.D. Cal. 2008)........................................................................6

*Homyk v. Chemocentryx, Inc.*,
  2023 WL 3579440 (N.D. Cal. Feb. 23, 2023)............................................................ 4

*Huei-Ting Kang v. Paypal Holdings, Inc.*,
  620 F. Supp. 3d 884 (N.D. Cal. 2022)....................................................................1, 4

*In re Intel Corp. Sec. Litig.*,
  2019 WL 1427660 (N.D. Cal. Mar. 29, 2019)........................................................... 3

*Jedrzejczyk v. Skillz Inc.*,
  2022 WL 2441563 (N.D. Cal. July 5, 2022)...............................................................1

*Khoja v. Orexigen Therapeutics, Inc.*,
  899 F.3d 988 (9th Cir. 2018).................................................................................... 1

*Kim v. Advanced Micro Devices, Inc.*,
  2019 WL 2232545 (N.D. Cal. May 23, 2019)............................................................ 6

*Kipling v. Flex Ltd.*,
  2020 WL 7261314 (N.D. Cal. Dec. 10, 2020).............................................................4

*Mehedi v. View, Inc.*,
  2023 WL 3592098 (N.D. Cal. May 22, 2023)............................................................ 2

*Mendoza v. HF Foods Grp., Inc.*,
  2021 WL 3772850 (C.D. Cal. Aug. 25, 2021).............................................................3

*Metzler Inv. GMBH v. Corinthian Colls., Inc.*,
  540 F.3d 1049 (9th Cir. 2008)................................................................................. 6

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
  551 U.S. 308 (2007)............................................................................................... 1

*In re Twitter, Inc. Sec. Litig.*,
  506 F. Supp. 3d 867 (N.D. Cal 2020)........................................................................4

*Von Saher v. Norton Simon Museum of Art at Pasadena*,
  592 F.3d 954 (9th Cir. 2010)....................................................................................4

DEFENDANTS' RJN ISO MTD
CASE NO. 3:23-cv-02980-TLT

**Page**

*Wochos v. Tesla, Inc.*,
   2018 WL 4076437 (N.D. Cal. Aug. 27, 2018)..................................................................4

*Wong v. Arlo Techs., Inc.*,
   2019 WL 7834762 (N.D. Cal. Dec. 19, 2019)................................................................2

**Other Authorities**

Fed. R. Evid. 201(b)..................................................................................................................2

DEFENDANTS' RJN ISO MTD
CASE NO. 3:23-cv-02980-TLT

**TABLE OF ABBREVIATIONS**

| Abbreviation | Meaning |
|---|---|
| Amended Complaint or ¶ | Plaintiff's First Amended Complaint for Violations of the Federal Securities Laws, filed December 5, 2023 (ECF No. 39) |
| Defendants | James P. Labe, Christopher M. Mathieu, Sajal K. Srivastava, TriplePoint Venture Growth BDC Corp. |
| Ex. | Exhibit |
| Motion to Dismiss | Defendants' Motion to Dismiss Plaintiff's First Amended Complaint |
| Plaintiff | Derek Petersen |
| TriplePoint or the Company | TriplePoint Venture Growth BDC Corp. |

Herein, emphasis is added unless otherwise noted.  Certain quotation marks, alteration marks, citations, and emphases have been omitted.

iv

Defendants respectfully request that the Court consider the following documents in connection with their Motion to Dismiss.

Courts ruling on a motion to dismiss a claim under the federal securities laws "must consider . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). These documents submitted are either (1) incorporated by reference into the Amended Complaint or (2) are the proper subject of judicial notice pursuant to Federal Rule of Evidence 201, or both. True and correct copies of the documents are attached to the accompanying Declaration of Carl Hudson (the "Declaration").

## ARGUMENT

### I.    THE COURT MAY CONSIDER DOCUMENTS INCORPORATED BY REFERENCE

Under the incorporation by reference doctrine, the Court may examine a "document [that] forms the basis of the plaintiff's claim." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). In so doing, it treats the incorporated documents "as though they are part of the complaint itself." *Id.* The doctrine serves to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Id.* On a motion to dismiss, this Court and others in this district regularly consider documents cited in complaints. *See, e.g.*, *Huei-Ting Kang v. Paypal Holdings, Inc.*, 620 F. Supp. 3d 884, 896 (N.D. Cal. 2022) (incorporating by reference documents that plaintiffs "quoted throughout the Complaint" and were "necessary to assess the veracity of the challenged statement in context"); *see also Jedrzejczyk v. Skillz Inc.*, 2022 WL 2441563, at *2 (N.D. Cal. July 5, 2022) (considering documents incorporated by reference).

Accordingly, Defendants request that the Court consider the following documents because they are relied upon, quoted, or referenced in the Amended Complaint[1]:

---

[1] The SEC Filings, Earnings Call Transcript, and short seller report which Defendants request the Court consider incorporated by reference in the Amended Complaint are also properly subject to judicial notice (*infra* 3-5): Exs. 2, 10, 14, 15, 20, 24, 28.

1

DEFENDANTS' RJN ISO MTD
CASE NO. 3:23-cv-02980-TLT

### A. SEC Filings

- Ex. 2: TriplePoint's Form 10-K for the 2022 fiscal year, which was publicly filed with the SEC on March 1, 2023, cited at ¶¶ 7-8 n.2, 12, 14, 33, 36, 37 n.4, 38-40, 42, 46-47, 53, 54 n.8, 56-858, 76, 85, 101-102, 138, 144, 151, 199, 202-03, 205, 209, 212, 236-38.

- Ex. 10: TriplePoint's Form 10-Q for 3Q-2023, which was publicly filed with the SEC on November 1, 2023, cited at ¶¶ 108, 165.

- Ex. 14: TriplePoint's Form 8-K, which was publicly filed with the SEC on November 2, 2022, cited at ¶¶ 192-93.

- Ex. 15: TriplePoint's Form 10-Q for 3Q-2022, which was publicly filed with the SEC on November 2, 2022, cited at ¶¶ 73, 149, 164 n.34, 192-93, 195.

- Ex. 28: TriplePoint's Form 10-Q for 1Q-2022, which was publicly filed with the SEC on May 4, 2022, cited at ¶¶ 55, 162, 169, 178, 182, 249.

### B. Earnings Call Transcript

- Ex. 20: TriplePoint's 2Q-2022 Earnings Call Transcript, dated August 3, 2022, cited at ¶¶ 171, 188.

### C. Analyst/Short-Seller Report

- Ex. 24: The Bear Cave's report titled, "Problems at TriplePoint Venture Growth BDC (TPVG)," which was published on May 2, 2023, cited at ¶¶ 117, 127, 133, 140, 164, 211-15.

## II. THE COURT MAY TAKE JUDICIAL NOTICE OF PUBLIC INFORMATION

Pursuant to Federal Rule of Evidence 201(b), courts may take judicial notice of "fact[s] that [are] not subject to reasonable dispute" and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b); *see also Mehedi v. View, Inc.*, 2023 WL 3592098, at *3 (N.D. Cal. May 22, 2023) (recognizing the imperative that the Court "not 'accept as true allegations that contradict matters properly subject to judicial notice' or 'allegations that are merely conclusory'"); *see also Wong v. Arlo Techs., Inc.*, 2019 WL 7834762, at *3 (N.D. Cal. Dec. 19, 2019) (same).  Accordingly, Defendants request that the Court take judicial

2

DEFENDANTS' RJN ISO MTD
CASE NO. 3:23-cv-02980-TLT

notice of the following SEC filings, earnings call transcript, news articles, and price data of publicly traded companies.

### A.    SEC Filings

The Court may judicially notice SEC filings, "even those 'not specifically mentioned' in the complaint," because "they are 'public disclosure documents required by law to be filed.'"  *Mendoza v. HF Foods Grp., Inc.*, 2021 WL 3772850, at *2 (C.D. Cal. Aug. 25, 2021); *see also In re Astra Space, Inc. Sec. Litig.*, 2023 WL 4983156, at *5 n.1 (N.D. Cal. Aug. 2, 2023) (taking judicial notice of SEC filings not referenced in the complaint); *In re Intel Corp. Sec. Litig.*, 2019 WL 1427660, at *7 (N.D. Cal. Mar. 29, 2019) (finding SEC filings to be "routinely subject to judicial notice," even when plaintiffs' claims do not depend on them and plaintiffs do not reference them in their complaint). Therefore, Defendants request that the Court consider the following documents publicly filed with the SEC:

- Ex. 2: TriplePoint's Form 10-K for the 2022 fiscal year, which was publicly filed with the SEC on March 1, 2023.
- Ex. 3: TriplePoint's Form 10-Q for 2Q-2017, which was publicly filed with the SEC on August 8, 2017.
- Ex. 6: TriplePoint's Form 10-Q for 3Q-2018, which was publicly filed with the SEC on October 31, 2018.
- Ex. 10: TriplePoint's Form 10-Q for 3Q-2023, which was publicly filed with the SEC on November 1, 2023.
- Ex. 14: TriplePoint's Form 8-K, which was publicly filed with the SEC on November 2, 2022.
- Ex. 15: TriplePoint's Form 10-Q for 3Q-2022, which was publicly filed with the SEC on November 2, 2022.
- Ex. 16: TriplePoint's Schedule 14(A) Definitive Proxy Statement, which was publicly filed with the SEC on March 8, 2023.
- Ex. 28: TriplePoint's Form 10-Q for 1Q-2022, which was publicly filed with the SEC on May 4, 2022.

3

DEFENDANTS' RJN ISO MTD
CASE NO. 3:23-cv-02980-TLT

- Ex. 30: Christopher Mathieu's Form 4, which was publicly filed with the SEC on June 21, 2022.

- Ex. 31: Christopher Mathieu's Form 4, which was publicly filed with the SEC on September 12, 2022.

## B.    Earnings Call Transcript

The Court may take judicial notice of publicly available transcripts of earnings calls and analyst conferences because "the[ir] accuracy . . . is not reasonably subject to dispute." *Wochos v. Tesla, Inc.*, 2018 WL 4076437, at *2 (N.D. Cal. Aug. 27, 2018); *see also Kipling v. Flex Ltd.*, 2020 WL 7261314, at *7 (N.D. Cal. Dec. 10, 2020) (judicially noticing "transcripts from earnings calls, investor and analyst conferences, and related presentations"). Moreover, [] they constitute the subject matter of the claim: [Defendant's] public statements." *Wochos*, 2018 WL 4076437 at *2 (taking judicial notice of an earnings call transcript despite plaintiffs' objections that it was not referenced in complaint).

Therefore, Defendants request that the Court take judicial notice of the following document:

- Ex. 20: TriplePoint's 2Q-2022 Earnings Call Transcript, dated August 3, 2022.

## C.    News Articles and Other Public Materials

Because publications such as newspapers and magazines offer "an indication of what information was in the public realm at the time[,]" they "meet the standards for admissibility set forth in Federal Rule of Evidence 201(b)" when the public's access to that information is at issue. *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010); *see also Homyk v. Chemocentryx, Inc.*, 2023 WL 3579440, at *4 (N.D. Cal. Feb. 23, 2023) (determining that courts may take judicial notice of journal articles and other publications for the purpose of determining what information was available to the market); *In re Twitter, Inc. Sec. Litig.*, 506 F. Supp. 3d 867, 874 n. 1 (N.D. Cal 2020) (granting judicial notice of news articles because they "reflect[] publicly available information about the company"). Because the contents of "[p]ublicly accessible websites and news articles" "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," such publications are "the proper subjects of judicial notice." *Paypal*, 620 F. Supp. 3d at 895.

4

Accordingly, Defendants request that the Court take judicial notice of the following documents:

- Ex. 1: Forbes article titled, "Get to Know Business Development Companies," dated May 7, 2021.
- Ex. 4: CNBC article titled, "Blue Bottle Coffee: How a struggling clarinet player used $15,000 in credit card debt to launch a $700 million brand," dated July 14, 2019.
- Ex. 5: Inc. article titled, "This Founder Almost Shut Down Her Design Business After Year 1. Now It Has 400 Employees and 9-Figure Revenue," dated February 26, 2019.
- Ex. 7: Fortune article titled, "Why Rent the Runway's CEO believes its $357 million IPO is a 'step forward' for female founders," dated October 27, 2021.
- Ex. 8: TechCrunch+ article titled, "Athletic Greens valued at $1.2B after bagging $115M to expand nutrition drink footprint," dated January 25, 2022.
- Ex. 12: Zacks Equity Research report titled, "TriplePoint Venture Growth (TPVG) Q2 Earnings Beat Estimates," dated August 2, 2023.
- Ex. 13: NASDAQ Analyst Research report titled, "TPVG Analyst Research," last accessed on December 26, 2023.
- Ex. 17: Crunchbase News article titled, "Global Funding Slide In 2022 Sets Stage For Another Tough Year," dated January 5, 2023.
- Ex. 18: Houlihan Lockey report titled, "Portfolio Valuation and Fund Advisory Services: Direct Lending Update," dated Fall 2022.
- Ex. 21: The New York Times article titled, "Silicon Valley Bank's Collapse Chills Start-Up Funding," dated March 27, 2023.
- Ex. 22: Bloomberg article titled, "SVB Collapse Could Mean a $500 Billion Venture Capital 'Haircut,'" dated March 24, 2023.
- Ex. 23: The New York Times article titled, "Three Failed Banks This Year Surpassed 25 Busts of '08," dated May 2, 2023.
- Ex. 24: The Bear Cave's report titled, "Problems at TriplePoint Venture Growth BDC (TPVG)," which was published on May 2, 2023.

5

- Ex. 26: TechCrunch+ article titled, "AI-powered parking platform Metropolis raises $1.7B to acquire SP Plus," dated October 5, 2023.

- Ex. 27: The Wall Street Journal article titled, "Investors Push Software Maker Cart Into Unicorn Club; Corporate venture arms join a multifamily office in backing a $60 million investment in the e-commerce enabler," dated June 27, 2023.

**D.    Price Data of Publicly Traded Companies**

The Court may take judicial notice of TriplePoint's historical stock prices and the value of the NASDAQ index "because they are 'subject to accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" *Kim v. Advanced Micro Devices, Inc.*, 2019 WL 2232545, at *5 (N.D. Cal. May 23, 2019); *see also Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (judicial notice of stock prices "was proper" to show responses of stock price). Closing stock prices, where they are "crucial to the plaintiff's claims, but not explicitly incorporated in his complaint," are proper subjects of judicial notice. *In re Finisar Corp.*, 542 F. Supp. 2d 980, 989 n.4 (N.D. Cal. 2008) (holding closing stock prices were proper subjects of judicial notice).

Accordingly, Defendants request that the Court take judicial notice of the following documents:

- Ex. 9: TriplePoint's dividend history for the period of April 11, 2014 through December 14, 2023, as reported by NASDAQ.

- Ex. 11: TriplePoint's revenue and earnings per share for fiscal years 2014-2023, as reported by NASDAQ.

- Ex. 19: S&P stock price index of 39 business development companies for the period of December 18, 2020 through December 22, 2023, as reported by S&P Dow Jones Indices.

- Ex. 25: TriplePoint's stock price history and the value of the NYSE Composite Index for the period of December 18, 2020 through December 19, 2023, as reported by NASDAQ.

- Ex. 29: TriplePoint's Institutional Holdings data, as reported by NASDAQ.

6

For the foregoing reasons, Defendants respectfully request that the Court consider the herein-referenced documents in connection with their Motion to Dismiss.

Dated: January 10, 2024

Respectfully submitted,

FRESHFIELDS BRUCKHAUS DERINGER US LLP

By: */s/ Boris Feldman*
         Boris Feldman

*Attorneys for Defendants*

7