BORIS FELDMAN, State Bar No. 128838
boris.feldman@freshfields.com
DORU GAVRIL, State Bar No. 282309
doru.gavril@freshfields.com
CARL HUDSON, State Bar No. 317201
carl.hudson@freshfields.com
OLIVIA ROSEN, State Bar No. 340120
olivia.rosen@freshfields.com
J. MIA TSUI, State Bar No. 344251
mia.tsui@freshfields.com
FRESHFIELDS BRUCKHAUS DERINGER US LLP
855 Main Street
Redwood City, CA 94063
Telephone: (650) 618-9250

*Attorneys for Defendants TriplePoint Venture Growth BDC Corp., James P. Labe, Christopher M. Mathieu, and Sajal K. Srivastava*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| DEREK PETERSEN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TRIPLEPOINT VENTURE GROWTH BDC CORP., JAMES P. LABE, CHRISTOPHER M. MATHIEU, and SAJAL K. SRIVASTAVA,<br><br>Defendants. | Case No.: 3:23-cv-02980-TLT<br><br>**DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE**<br><br>Date:　　February 20, 2024<br>Time:　　1:30 p.m.<br>Location:　Courtroom 9 – 19th Floor<br>Judge:　　Hon. Trina L. Thompson |

# TABLE OF CONTENTS

**Page**

I. PLAINTIFF FAILS TO UNDERSTAND THE DOCTRINE OF INCORPORATION BY REFERENCE.................................................................................................................1

II. THE COURT MAY TAKE JUDICIAL NOTICE OF PUBLIC INFORMATION............................2

DEFENDANTS' REPLY ISO RJN                -i-
CASE NO. 3:23-cv-02980-TLT

## TABLE OF ABBREVIATIONS

| | |
|---|---|
| Amended Complaint or ¶ | Plaintiff's First Amended Complaint for Violations of the Federal Securities Laws, filed December 5, 2023 (ECF No. 39) |
| Defendants | James P. Labe, Christopher M. Mathieu, Sajal K. Srivastava, TriplePoint Venture Growth BDC Corp. |
| MTD | Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 48) |
| Opposition or Opp. | Plaintiff's Opposition to Defendants' Motion to Dismiss the First Amended Complaint and Objection to Defendants' Request for Judicial Notice (ECF No. 50) |
| Plaintiff | Derek Petersen |
| Reply | Defendants' Reply in Support of Motion to Dismiss Amended Complaint |
| RJN | Defendants' Request for Judicial Notice in Support of Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 49) |

Plaintiff provides no basis as to why this Court should deny Defendants' request for judicial notice (Opp. at 25), when *Khoja* has made it clear that "judicial notice and incorporation-by-reference do have roles to play at the pleading stage." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).

## I.    PLAINTIFF FAILS TO UNDERSTAND THE DOCTRINE OF INCORPORATION BY REFERENCE.

Contrary to Plaintiff's suggestion, documents incorporated by reference are treated "as though they are part of the complaint itself," and are no less entitled to their truth than any other allegation. *Khoja*, 899 F.3d at 1002 (incorporating by reference analyst reports and 8-K that formed the basis of plaintiff's claims). In violation of *Khoja*, Plaintiff seeks to "select[] only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." 899 F.3d at 1002. Plaintiff is not the first to try to "oversimplify *Khoja*," and this District is clear that such trickery will not be tolerated. *In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020) (incorporating by reference SEC filings, earnings call transcripts, and analyst reports because "*Khoja* does not prevent a defendant from using the doctrine[] of. . . incorporation by reference to create factual disputes with a plaintiff's *conclusory* allegations") (emphasis in original). "[N]othing in *Khoja* prevents this Court from analyzing an alleged false statement in context" (*Id.*), and Defendants respectfully request that this Court consider context here. Reply at 10 n. 10; RJN at 1.

Plaintiff's claim that SEC filings and earnings call transcripts "can only be noticed for their contents, and not for the truth of the matters asserted therein" (Opp. at 25) contradicts Ninth Circuit precedent holding that "[o]nce a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014). Accordingly, Plaintiff's argument that the Court may not deem Exs. 2,[1] 10, 14–15, 20, 24, 28 incorporated by reference fails.

---

[1] Defendants previously requested that this court deem Supplemental Exhibit 2, TriplePoint's Form 10-K for the 2022 fiscal year, which was publicly filed with the SEC on March 1, 2023, incorporated by reference. RJN at 2. For the reasons stated in the original RJN and in this Reply, it is equally appropriate to consider the additional pages in this document cited in the Declaration of Carl Hudson in Support of Defendants' Reply filed concurrently herewith. Defendants thus respectfully request that the Court consider Suppl. Ex. 2 to the Hudson Decl. ISO Reply.

DEFENDANTS' REPLY ISO RJN                    1
CASE NO. 3:23-cv-02980-TLT

**II.    THE COURT MAY TAKE JUDICIAL NOTICE OF PUBLIC INFORMATION.**

Without citing any authority, Plaintiff makes a sweeping conclusory statement that articles and reports are "non-judicially noticeable." Opp. at 25.[2] Plaintiff's skewed interpretation directly contradicts the Supreme Court's controlling ruling in *Tellabs*, which **requires** that the court take into account "plausible opposing inferences" in securities class actions. *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 ("courts must consider . . . sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."). The doctrine of judicial notice also prevents misstatements of fact when they can be verified by Defendants' "public disclosure documents required by law to be filed." *Mendoza v. HF Foods Grp., Inc.*, 2021 WL 3772850, at *2 (C.D. Cal. Aug. 25, 2021); Reply at 10 n. 10; MTD at 3. Plaintiff's assertion that the Ninth Circuit has "condemned" requests for judicial notice as "a concerning pattern in securities cases" (Opp. at 25) is unfounded because this Court is not required to accept as true the "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences" whose closer evaluation Plaintiff seeks to avoid. *In re Intel Corp. Sec. Litig.*, 2023 WL 2767779, at *10 (N.D. Cal. Mar. 31, 2023). Indeed, courts in this District and the Ninth Circuit regularly take judicial notice of SEC filings (RJN at 3), earnings call transcripts (RJN at 4), news articles and analyst reports (RJN at 4), and price data of public companies (RJN at 6), in securities fraud cases. Accordingly, Plaintiff's argument fails, and the Court may take judicial notice of Exs. 1–31.[3]

---

[2] Contrary to his own alleged position, Plaintiff himself seeks to introduce sources external to his pleadings. Opp. at 23. However, even beyond the impropriety of introducing new information in the Opposition that is omitted from his Amended Complaint, Plaintiff has not moved the Court for judicial notice on any external source and thus none may be taken. *See* Reply at 14 n. 17.

[3] Defendants previously requested that this court take judicial notice of Suppl. Exhibit 2, TriplePoint's Form 10-K for the 2022 fiscal year, which was publicly filed with the SEC on March 1, 2023. RJN at 3. For the reasons stated in the original RJN and in this Reply, it is equally appropriate to consider the additional pages in this document cited in the Declaration of Carl Hudson in Support of Defendants' Reply filed concurrently herewith. Defendants thus respectfully request that the Court consider Suppl. Ex. 2 to the Hudson Decl. ISO Reply.

Dated: February 14, 2024

Respectfully submitted,

FRESHFIELDS BRUCKHAUS DERINGER US LLP

By: /s/ Boris Feldman
    Boris Feldman

*Attorneys for Defendants*